United States District Court
Southern District of Texas

**ENTERED**

December 09, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIAN GONZALEZ JIMENEZ, | § | |
| A#221-279-081 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-5853 |
| | § | |
| WARDEN, Joe Corley Processing | § | |
| Center, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO ANSWER

The petitioner, Christian Gonzalez Jimenez (A #221-279-081),
is currently in custody of the United States Department of Homeland
Security, Immigration and Customs Enforcement ("ICE") at the Joe
Corley Processing Center in Conroe, Texas.[1]  The petitioner is
represented by counsel and has filed a petition for a writ of
habeas corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No.
1), challenging his continued confinement.  He has also filed a
Motion for a Temporary Restraining Order and/or Preliminary

---

[1]  The warden of the Joe Corley Processing Center is
substituted as the sole respondent in place of the other listed
respondents because he is the petitioner's immediate custodian as
the warden of the facility where the petitioner is detained. See
Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges
to present physical confinement, we reaffirm that the immediate
custodian, not a supervisory official who exercises legal control,
is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ,
or order to show cause shall be directed to the person having
custody of the person detained.").

Injunctive Relief (Docket Entry No. 4) and a Motion for Issuance Order to Show Cause (Docket Entry No. 5).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241, et seq., the court **ORDERS** as follows:

1.    The Clerk shall deliver copies of the Petition (Docket Entry No. 1), the Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief (Docket Entry No. 4), the Motion for Issuance Order to Show Cause (Docket Entry No. 5), and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by <u>certified mail return receipt requested</u> to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.    The Clerk shall also serve copies of the Petition (Docket Entry No. 1), the Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief (Docket Entry No. 4), the Motion for Issuance Order to Show Cause (Docket Entry No. 5), and this Order

---

[2] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. <u>See</u> Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

by certified mail upon:  (1) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Warden, Joe Corley Processing Center, 500 Hilbig Road, Conroe, TX 77301.

3.    The respondent shall file an answer or other appropriate responsive pleading within **thirty (30) days** of the date of service. See Fed. R. Civ. P. 12(a)(2).  The respondent shall forward a copy to the petitioner.  Any dispositive motion that presents matters outside the pleadings may be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

4.    In addition to any defense (in law or fact) to a claim for relief by the petitioner, the respondent's answer shall contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

5.    The petitioner shall file a response within **twenty (20) days** to any answer or dispositive motion filed by the respondent. Under this court's Local Rule 7.4, any failure to respond to a motion filed by the respondent "will be taken as a representation of no opposition." S.D. Tex. R. 7.4.  <u>Failure of the petitioner to respond to the respondent's motion within the time allowed may</u>

result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

6.    In addition to the Warden of the Joe Corley Processing Center, the petitioner lists the following additional respondents: Bret A. Bradford, the Houston Field Office Director for ICE; Kristi Noem, Secretary of the Department of Homeland Security; Pamela Bondi, the U.S. Attorney General; the Executive Office for Immigration Review; and the U.S. Department of Homeland Security. The court questions whether any of the respondents other than the Warden of the facility where the detainee is being held are properly included in this petition.  See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  The court does not order a response from the respondents other than the Warden of the Joe Corley Processing Center at this time.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this  9th day of  December     ,
2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE